## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERTO YAMIL VELEZ-GARCIA, | No. 4:23-CV-00404 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| WARDEN BARRAZA, | |
| Respondent. | |

## MEMORANDUM OPINION

### JULY 25, 2023

Petitioner Roberto Yamil Velez-Garcia is currently confined at the Federal Correctional Institution, Allenwood Medium (FCI Allenwood) in White Deer, Pennsylvania. He filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the determination made by the Federal Bureau of Prisons (BOP) that he is not eligible for application of time credits earned under the First Step Act of 2018.[1] For the reasons that follow, the Court must deny Velez-Garcia's Section 2241 petition.

## I.   BACKGROUND

Velez-Garcia is currently serving a 108-month sentence imposed by the United States District Court for the District of South Carolina for conspiracy to

---

[1]   Pub. L. 115-391, 132 Stat. 5194 (2018).

possess with intent to distribute heroin and fentanyl.[2]  His projected release date is
April 22, 2024, via good conduct time.[3]

Velez-Garcia claims that, despite being assessed as a "High" recidivism risk,
he should be eligible for application of earned FSA credits.[4]  Respondent counters
that Velez Garcia has not exhausted administrative remedies and that the FSA
clearly prohibits application of earned FSA credits to an inmate assessed as a
"High" recidivism risk.[5]  Velez-Garcia has not responded to Respondent's
arguments or otherwise filed a reply, so his petition is ripe for review.

## II.   DISCUSSION

Respondent maintains that Velez-Garcia's petition fails for two reasons.
Respondent first asserts that Velez-Garcia has failed to exhaust his administrative
remedies.  Respondent also contends that Velez-Garcia's Section 2241 petition is
meritless.  The Court will take each of Respondent's arguments in turn.

### A.   Administrative Exhaustion

Although there is no explicit statutory exhaustion requirement for Section
2241 habeas petitions, the United States Court of Appeals for the Third Circuit has
consistently held that exhaustion applies to such claims.[6]  Exhaustion allows the

---

[2]   *See* Doc. 7-1 at 3 ¶ 3; *id.* at 6.
[3]   Doc. 7-1 at 3 ¶ 3; *id.* at 5, 6.
[4]   Doc. 1 at 6, 9-10.
[5]   *See* Doc. 7 at 11-12.
[6]   *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996).

relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy."[7]  The BOP has a specific internal system through which federal prisoners can request review of any aspect of their imprisonment.[8]  That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel.[9]

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review.[10]  Only in rare circumstances is exhaustion of administrative remedies not required.  For example, exhaustion is unnecessary if the issue presented is one that involves only statutory construction.[11]  Exhaustion is likewise excused when it would be futile.[12]

Velez-Garcia appears to concede that he has not exhausted his administrative remedies.[13]  He instead argues that his claim involves statutory construction, "which *only* the court can decide."[14]

---

[7]   *Moscato*, 98 F.3d at 761-62 (citations omitted)

[8]   *See generally* 28 C.F.R. §§ 542.10-.19.

[9]   *See id.* §§ 542.13-.15.

[10]  *See Moscato*, 98 F.3d at 761.

[11]  *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)).

[12]  *Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982); *see Cottillion v. United Refining Co.*, 781 F.3d 47, 54 (3d Cir. 2015) (affirming, in ERISA context, futility exception to exhaustion requirement).

[13]  *See* Doc. 1 at 2.

[14]  *Id.*

Case 4:23-cv-00404-MWB-MP   Document 8   Filed 07/25/23   Page 4 of 6


To the extent that Velez-Garcia is contending that he should be deemed eligible to receive FSA credits by the warden of FCI Allenwood despite being assessed as a high recidivism risk, his argument that he does not need to exhaust administrative remedies fails.

Under 18 U.S.C. § 3624(g)(1)(D)(i)(I) and 28 C.F.R. § 523.44(c)(1), for early placement in prerelease custody, the prisoner must have "been determined . . . to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner"[15] and, for early placement in supervised release, Section 3624(g)(1)(D)(ii) requires that "the prisoner has been determined . . . to be a minimum or low risk to recidivate pursuant to the last reassessment of the prisoner."[16]  Thus, under either provision, the prisoner must be determined to be a minimum or low risk to recidivate for application of FSA credits.

If an inmate cannot meet this recidivism-risk requirement, they can alternatively petition the warden to be considered on an individualized basis for placement in prerelease custody or supervised release.[17]  The warden can approve that petition upon determining that the prisoner (1) "would not be a danger to society if transferred to prerelease custody or supervised release," (2) "has made a

---

[15]   18 U.S.C. § 3624(g)(1)(D)(i)(I).  The regulation uses slightly different wording but contains the same requirement: the inmate must have "maintained a minimum or low recidivism risk through his or her last two risk and needs assessments."  28 C.F.R. § 523.44(c)(1).

[16]   18 U.S.C. § 3624(g)(1)(D)(ii); 28 C.F.R. § 523.44(d)(1).

[17]   *See* 18 U.S.C. § 3624(g)(1)(D)(i)(II).

good faith effort to lower their recidivism risk through participation in recidivism reduction programs or productive activities," and (3) "is unlikely to recidivate."[18]

This exception to the minimum- or low-recidivism-risk precondition requires an inmate to directly petition the warden, and therefore by statute (and regulation) demands administrative exhaustion. The Court has no jurisdiction to consider Velez-Garcia's eligibility for this exception absent proper exhaustion. Moreover, even if Velez-Garcia made the appropriate request for this relief and the warden denied his petition (and Velez-Garcia followed the requisite appeal steps as set forth in 28 C.F.R. §§ 542.13-.15), any review of that decision by this Court would be constrained to determining whether the BOP had abused its discretion.[19]

Consequently, if Velez-Garcia is claiming that he should have his FSA credits applied despite his high recidivism risk assessment based on the statutory exception outlined above, the Court must dismiss his Section 2241 petition for failure to exhaust administrative remedies.[20]

---

[18]  *Id.* § 3624(g)(1)(D)(i)(II)(aa)-(cc); *see also* 28 C.F.R. § 523.44(c)(2)(i)-(iii).

[19]  *See Collins v. Warden Canaan FPC*, 2022 WL 2752536, at *2 (3d Cir. 2022) (nonprecedential) (citing *Vasquez v. Strada*, 684 F.3d 431, 434 (3d Cir. 2012) (explaining that federal court's review of BOP's prerelease-placement decision under Second Chance Act "is limited to whether the BOP abused its discretion")); *see also Bains v. Quay*, No. 3:21-cv-00353, 2021 WL 5343485, at *3 n.9 (M.D. Pa. Oct. 27, 2021) (describing recidivism-risk exception in Section 3624(g)(1)(D)(i)(II) as "discretionary"), *adopting report & recommendation*, 2021 WL 5330841 (M.D. Pa. Nov. 16, 2021) (Kane, J.).

[20]  *See Moscato*, 98 F.3d at 761.

### B.   Merits of the Petition

If, on the other hand, Velez-Garcia is simply challenging the BOP's determination that he is statutorily ineligible for application of FSA credits because he has not been assessed at a low or minimum recidivism risk, that challenge is meritless.  Both 18 U.S.C. § 3624(g)(1)(D)(i)(I) and 18 U.S.C. § 3624(g)(1)(D)(ii) mandate that a prisoner must be determined to be a minimum or low risk to recidivate for application of FSA credits.  There is no dispute that Velez-Garcia has been assessed as a high recidivism risk.[21]  Accordingly, he is ineligible for application of FSA credits at this time.[22]

## III.   CONCLUSION

For the foregoing reasons, the Court will deny Velez-Garcia's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  An appropriate Order follows.

BY THE COURT:

_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge

---

[21]   *See* Doc. 7-1 at 4 ¶ 9.
[22]   *See Bell v. Finley*, No. 1:21-cv-925, 2022 WL 1721045, at *4 (M.D. Pa. May 27, 2022) (citing 18 U.S.C. § 3624(g)(1)(D)(i); 28 C.F.R. § 523.42(c)(2)(i)-(ii)); *Hernandez v. Warden FPC-Lewisburg*, No. 1:21-cv-0599, 2022 WL 452408, at *3 (M.D. Pa. Feb. 14, 2022); *Moody v. Gubbiotti*, Civ. No. 21-12004 (RMB), 2022 WL 4976308, at *6 (D.N.J. Oct. 3, 2022) (citing 18 U.S.C. § 3624(g)).